# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 2, 2011

Lyle W. Cayce
Clerk

No. 10-10892
Summary Calendar

MARK ANTHONY RHODES,

Plaintiff-Appellant

v.

RICHARD WATHEN, Warden; MICHAEL GRIDER, Head of Maintenance Department; JESUS ESPINOSA, Risk Manager,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:09-CV-238

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Mark Anthony Rhodes, Texas prisoner # 1088813, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) in an appeal of the district court's judgment dismissing his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted. Rhodes consented to proceed before a magistrate judge (MJ). Rhodes argues that the MJ failed to provide written reasons for the certification that his appeal was not taken in good faith but

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10892

merely referred to the order of dismissal. Rhodes's IFP motion is a challenge to the MJ's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

A district court may deny a motion for leave to appeal IFP by certifying that the appeal is not taken in good faith and by providing written reasons for the certification. *See Baugh*, 117 F.3d at 202; 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a). To comply with the written-reasons requirement, the district court may incorporate by reference its prior decision. *See Baugh*, 117 F.3d at 202 n.21. Here, the MJ certified that Rhodes's appeal was not taken in good faith for the reasons set forth in its order dismissing his § 1983 complaint for failure to state a claim upon which relief may be granted. The MJ's reasons were sufficient. *See Baugh*, 117 F.3d at 202 n.21.

Rhodes does not challenge the MJ's reasons for dismissing his § 1983 complaint. He does not even brief the Eighth Amendment claim he raised in his § 1983 complaint. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Rhodes has abandoned any challenge to the MJ's certification decision by failing to raise his Eighth Amendment claim in his IFP motion before this court. *See Brinkmann,* 813 F.2d at 748.

Rhodes has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). His IFP motion should therefore be denied, and his appeal should be dismissed. *See Baugh*, 117 F.3d at 202 & n.24.

No. 10-10892

The MJ's dismissal of Rhodes's § 1983 complaint for failure to state a claim and this court's dismissal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Rhodes is CAUTIONED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger or serious bodily injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.